GILBERT GRAHAM *v.* R. B. SYKES.

Unless it is expressly agreed, that a draft given is given in payment, it does not operate a novation of the debt.

An account which is *signed* and *rendered* by the *debtor*, is not an open account, and as such prescribed by three years.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*
*Clarke & Bayne,* for plaintiff and appellant.    *A. N. Ogden & Stansbury,* for defendant.

LAND, J.    The commercial firm of *Sykes & Hyde,* of this city, rendered to the plaintiff, on the 17th of March, 1848, an account of sales of thirty-seven bales of gunny bags, showing in his favor a balance of $840 98.    They remitted to plaintiff, in payment of this balance, a sight draft drawn by *Martin & Co.,* of this city, to his order, on *J. S. Lake & Co.,* of New York.    The draft was protested for non-payment, and returned with the endorsement of plaintiff on it to *Sykes & Hyde.*    They caused suit to be instituted on the draft, and prosecuted to judgment in the name of the plaintiff.    Before judgment was obtained, they promised the plaintiff to pay the returned draft, if he would properly endorse it, and authorize them to continue the suit in his name.    After judgment, they caused the draft to be withdrawn from the suit and compromised with *Martin & Co.,* the drawers of the draft, by receiving some forty cents on the dollar.

This suit was commenced on the account rendered; and citation was served on the defendant on the 31st of October, 1855.

The defence is payment, and the prescription of three years, under the Act of the 5th of March, 1852.

The plea of payment is not sustained by the evidence.    There was no agreement on the part of the plaintiff to receive the draft in payment; without which the draft was neither a novation, nor payment of the debt due on the account. *Gails* v. *Schooner Osceola,* 14 An. 54.    The plaintiff's endorsement was but a transfer of the bill to *Sykes & Hyde,* to whom it belonged, after its protest and return, and was necessary to vest in them the legal title, as it was payable to his order.

The account sued on was *signed* and *rendered* by *Sykes & Hyde, the debtors,* and is not an " *open account,*" in the sense of the second section of the Act of the Legislature of the 5th of March, 1852, and is not, consequently, prescribed by the lapse of three years.    *Dixon* v. *Lyons,* 13 An. 160.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed; and it is now ordered, adjudged and decreed, that there be judgment in favor of the plaintiff for the sum of eight hundred and forty dollars and ninety-eight cents, with interest thereon at the rate of five per cent. per annum, from the 31st day of October, 1855, and costs in both courts.